# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHEL INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VINCENT B. ZANINOVICH & SONS, INC.,<br><br>Defendant. | Case No. 1:18-cv-00729-LJO-SAB<br><br>ORDER REQUIRING DEFENDANT TO SUBMIT SUPPLEMENTAL BRIEF FOR MOTION TO DISMISS<br><br>DEADLINE: AUGUST 29, 2018 |

On May 29, 2018, Plaintiff Nathel International, Inc. filed this action for breach of contract and under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499 et seq., against Defendant Vincent B. Zaninovich & Sons, Inc. seeking declaratory judgment. (ECF No. 1.) On July 17, 2018, Defendant filed a motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 8.) The Court has reviewed Defendant's motion of law in support of the motion and finds that it fails to address two issues that are relevant to the motion.

First, Defendant moves to dismiss this action on the ground that federal jurisdiction does not exist for a claim seeking declaratory relief under PACA. However, district courts also have original jurisdiction of all civil actions between citizens of different States in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff has also brought this action alleging that diversity jurisdiction exists.

1

1  Defendant shall brief the issue of whether diversity jurisdiction exists in this action, specifically,
2  if the jurisdictional requirement has been met in this action.

3  Second, Defendant seeks for the Court to exercise its discretion to decline to decide the
4  complaint for declaratory relief arguing the factors set forth in Am. States Ins. Co. v. Kearns, 15
5  F.3d 142 (9th Cir. 1994), and Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir.
6  1998). Both actions address abstention in a federal action where there is a pending state court
7  proceeding. In this instance, there is no state court proceeding, Defendant shall address whether
8  such abstention is appropriate where there are two parallel federal actions.

9  Based on the foregoing, IT IS HEREBY ORDERED that:

10  1. Defendant shall file supplemental briefing addressing diversity jurisdiction and
11  whether abstention would apply to parallel federal actions on or before August 29,
12  2018; and

13  2. The time for Plaintiff to file an opposition to the motion to dismiss is extended to
14  August 31, 2018; and

15  3. Defendant's reply, if any, shall be filed on or before September 5, 2018.

IT IS SO ORDERED.

Dated: **August 27, 2018**

UNITED STATES MAGISTRATE JUDGE